# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **JOSEPH HENRY MCNEESE, III** | **CIVIL ACTION NO. 20-00071** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TIMMY A. SNOW, ET AL** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Pending before the Court is Plaintiff Joseph Henry McNeese, III's ("McNeese") motion for a temporary restraining order, styled as "Motion for Restraining Order" ("Motion for a TRO") [Doc. No. 3]. McNeese complains of a road being built and used by Billy Rath within 35 feet of McNeese's home, excessive noise and headlights disturbing his peace, and the cutting of timber on neighboring property. McNeese seeks a "motion of Restraining Order against Timmy Snow and Billy Rath in the interests of justice." [*Id*., p. 1].

Federal courts possess the inherent power to *sua sponte* consider subject matter jurisdiction. Where a plaintiff is proceeding *in forma pauperis*, courts *must* dismiss the plaintiff's case at any time the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A case is deemed "frivolous" when the court lacks subject matter jurisdiction. *Chavez v. First Nat'l Bank of S. Africa*, No. DR–15–CV–065–AM/VRG, 2015 WL 13036708, at *1 (W.D. Tex. Nov. 24, 2015) (citing *Bibbs v. Harris*, 578 Fed. App'x. 448 (5th Cir. 2014); *Nixon v. Attorney Gen. of Tex.*, 537 Fed. App'x. 512 (5th Cir. 2013)).

Ordinarily, a court must give notice to a party before dismissing its claims, but such notice is not necessary when the dismissal is based on a lack of subject-matter jurisdiction. *See*

*Ford v. NYL Care Health Plans of Gulf Coast, Inc.,* 301 F.3d 329, 332, 334 (5th Cir.2002),

(dismissing a Lanham Act claim without notice to the parties based on lack of standing, despite

the fact that the issue was "never briefed by the parties, questioned by the district court, or even

mentioned at oral argument," and the "parties did not have the benefit of a hearing to present

evidence on the issue.")

Here, McNeese has failed to set forth any basis for this Court to possess subject matter

jurisdiction.  There is no diversity between the parties.  McNeese has not identified any federal

question.  Accordingly, McNeese's Motion for TRO [Doc. No. 3] is DENIED, and this case is

DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

MONROE, LOUISIANA, this 17th day of January, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE